who had a separate checking account of his own in another bank, Chemical Bank New York Trust Company, drew a check on that account in the amount in suit, payable to the order of James A. Brancato & Co., which deposited the check the same day in its account in the respondent bank. The respondent bank gave Brancato immediate credit for the check by applying $6,421.33 of it to repay that sum which was overdrawn and by applying the balance to other items presented for payment against the Brancato account that day. The husband, Sidney Sandler, died on the evening of the same day (May 7, 1962), and thereafter the check was returned unpaid to the respondent bank by the Chemical Bank with the notation "maker deceased." There were then insufficient funds in the Brancato account to cover the check, but there was more than enough in the Sandler joint account. Respondent bank offset the amount of the unpaid check, $9,127.60, against the Sandler account; this suit ensued. The Sandler account being a joint account in a commercial bank, there is a presumption that when one of the joint tenants dies the amount on deposit belongs to the survivor. That presumption is rebuttable, however, upon a showing that the depositors' purpose or intent was other than to create a joint tenancy (Banking Law, § 134, subd. 3; § 239, subd. 3; *Matter of Porianda*, 256 N. Y. 423; *Matter of Lupatkin*, 156 N. Y. S. 2d 249, 254, affd. 4 A D 2d 678; *Matter of Jagodzinska*, 272 App. Div. 660, 661–662). It is not disputed that the plaintiff wife, as administratrix, has a right to maintain this action to establish the right, if any, of her husband's estate to the fund. Since respondent bank became the holder for value of decedent's check prior to his death (Uniform Commercial Code, § 4–201 *et seq.*; *Freeport Bank* v. *Viemeister*, 227 App. Div. 457; *First Nat. Bank of Somerset County* v. *Margulies*, 35 Misc 2d 332; *Meadow Brook Nat. Bank of Nassau County* v. *Paramount Factors*, 8 Misc 2d 362), it thereby acquired a matured claim against him which it had the right to offset against his deposit in its hands while he lived (*Straus* v. *Tradesmen's Nat. Bank of New York*, 122 N. Y. 379, 382; *Van Schaick* v. *Title Guar. & Trust Co.*, 252 App. Div. 188, 204–205; 9 C. J. S., Banks and Banking, § 296; 5 N Y Jur., Banks and Trust Companies, §§ 410–413). Now, after the death of decedent, this right of setoff or "banker's lien" pertaining to the check, presently a claim against his estate, may be applied against the deposit if it belongs to his estate (*Matter of Dimon*, 32 N. Y. S. 2d 239, 243; *Traders' Nat. Bank of Rochester* v. *Amsden*, 195 N. Y. S. 291, 292). However, if the fund belongs to the plaintiff *individually*, the lien may not be asserted against the deposit, for, in order that one demand may be offset against another, both must mutually exist between the same parties (*Jordan* v. *National Shoe & Leather Bank of City of N. Y.*, 74 N. Y. 467, 474; 5 N Y Jur., Banks and Trust Companies, § 413; 7 Am. Jur., Banks, § 630). Accordingly, since the respondent bank has the right to offset the amount of the unpaid check against so much, if any, of the amount on deposit as belongs to the husband's estate, the order of the Appellate Term was proper. Under the circumstances, whatever rights plaintiff individually, as surviving joint tenant, may have had in the said deposit, remain to be adjudicated in the separate action she has brought in her individual capacity against the respondent bank. This determination is intended to be without prejudice to such personal rights of the plaintiff. Beldock, P. J., Ughetta, Christ, Hill and Rabin, JJ., concur.

 In the Matter of EDWARD KURZ, Petitioner. SOLOMON A. KLEIN, Respondent.— Application by petitioner, whose period of suspension has expired, for reinstatement as an attorney and counselor at law, referred to the Committee on Character and Fitness of the Second Judicial District for:

(a) investigation and hearing as to whether the petitioner presently possesses the requisite character and fitness for an attorney at law; and (b) a report setting forth the committee's findings and recommendations. Pending such report, the application will be held in abeyance. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ In the Matter of MICHAEL BUTLER, Petitioner. SOLOMON A. KLEIN, Respondent.— Application by petitioner, whose period of suspension has expired, for reinstatement as an attorney and counselor at law, referred to the Committee on Character and Fitness of the Second Judicial District for: (a) investigation and hearing as to whether the petitioner presently possesses the requisite character and fitness for an attorney at law; and (b) a report setting forth the committee's findings and recommendations. Pending such report, the application will be held in abeyance. Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RONALD MILLER, Appellant.— Motion by appellant to dispense with printing on appeal from a judgment of the Criminal Court of the City of New York, Queens County. On the court's own motion, the appellant's motion and the said appeal are transferred to the Appellate Term of the Supreme Court, Second Judicial Department. The appeal was erroneously taken to this court; such Appellate Term is presently vested with the jurisdiction of such appeals (see N. Y. Const., art. VI, § 5, subd. b; § 8, subd. d; order of this court No. 47, dated July 12, 1962). Beldock, P. J., Christ, Brennan, Hill and Rabin, JJ., concur.

## (February 4, 1965)

■ JUNE WEINBERG, Respondent, v. LESTER WEINBERG, Appellant.— In a divorce action by a wife, the defendant husband appeals from an order of the Supreme Court, Westchester County, dated November 17, 1964, which: (1) awarded to the wife $125 per week temporary alimony and a counsel fee of $2,500; (2) directed that the husband pay all carrying charges of the marital home and that he move therefrom; and (3) awarded possession of the marital home to the wife during the pendency of this action and until the further order of the court. Order modified on the law and the facts as follows: (1) by striking out its first and third decretal paragraphs, requiring the defendant to pay alimony and counsel fee *pendente lite*; (2) by substituting therefor three new decretal paragraphs providing: (a) that the issues of alimony and counsel fee are referred to the trial court for its determination upon the basis of the proof adduced at the trial; (b) that commencing as of October 26, 1964, the wife, for her support, is permitted to draw, at the rate of $125 weekly, upon the $15,000 fund in her possession; and (c) that the wife shall make a payment of $500 out of said fund to her attorney on account of counsel fee. As so modified, the order is affirmed, without costs. *A wife who is able to support herself pendente lite,* without substantially depleting her separate estate, should not be awarded alimony and counsel fee before trial. It is uncontradicted that the wife possesses $15,000 in cash and other assets; and that the husband has provided a fund of $17,000 for each of the two children of the parties. It appears that there is some question regarding the wife's right to use the $15,000 fund for her support, the husband contending that he deposited that amount in banks in the wife's name, for the purpose of investment only. The record contains the husband's sworn statement that the fund is " at the disposal of the plaintiff; " and the husband